**HOLLAND & HART LLP**
Joseph G. Went
Nevada Bar No. 9220
Sydney R. Gambee
Nevada Bar No. 14201
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jgwent@hollandhart.com
srgambee@hollandhart.com

**MCGUIREWOODS LLP**
K. Issac deVyver (*pro hac vice forthcoming*)
Alicia A. Baiardo (*pro hac vice forthcoming*)
Anthony Q. Le (*pro hac vice forthcoming*)
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Phone: 415.844.9944
Fax: 415.844.9922
kdevyver@mcguirewoods.com
abaiardo@mcguirewoods.com
ale@mcguirewoods.com

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No.:  2:23-cv-00703-APG-NJK<br><br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendant WELLS FARGO BANK, N.A., by and through its attorneys of record, and hereby answers the Complaint of Plaintiff Geoff Winkler (the "Receiver"), as the court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation ("J&J Alaska"), J&J Consulting Services, Inc., a Nevada corporation ("J&J Nevada") and J and J Purchasing LLC ("J and J Purchasing") (collectively, the "Receivership Entities") (Dkt. 1) as follows:

## INTRODUCTION

1.      Wells Fargo admits that the Security and Exchange Commission ("SEC") filed the complaint in the matter of *Securities and Exchange Commission v. Beasley et al.*, Case No. 2:22-cv-00612-CDS-EJY, pending in the United States District Court District of Nevada (hereinafter, the "SEC Complaint" and the "SEC Action") and that Matthew Beasley was indicted in the matter of United States v. Beasley, 2:23-cr-0066-JAD-DJA (D. Nev.) (the "Criminal Action"). The remainder of the allegations of Paragraph 1 purport to summarize the SEC Complaint and Criminal Action indictment, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 1 contradict or mischaracterize these documents, they are denied.

2.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the allegations.

3.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the allegations.

4.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the allegations.

5.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the allegations.

6.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the allegations.

7.      The allegations in Paragraph 7 are denied.

8.      The allegations in Paragraph 8 are denied.

9.      The allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 are denied.

12. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the allegations.

### PARTIES AND RELEVANT NONPARTIES

**I.    Plaintiff**

13. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the allegations.

**II.    Defendant**

14. Wells Fargo admits in Paragraph 14 that it is a national banking association with its Articles of Incorporation stating that its main office shall be in Sioux Falls, South Dakota.

**III.    Nonparties**

15. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the allegations.

17. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the allegations.

18. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the allegations.

19. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the allegations.

20. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the allegations.

21. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the allegations.

<u>**JURISDICTION AND VENUE**</u>

22.     The allegations in the first sentence in Paragraph 22 are conclusions of law to which no response is required.  To the extent a response is required, Wells Fargo admits that the Court has jurisdiction.

23.     The allegations in the first sentence in Paragraph 23 are conclusions of law to which no response is required.  To the extent a response is required, Wells Fargo admits that the Court has personal jurisdiction over Defendant, but the remaining allegations are denied.

24.     The allegations in the first sentence in Paragraph 24 are conclusions of law to which no response is required.  To the extent a response is required, Wells Fargo admits that venue is proper, but the remaining allegations are denied.

25.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the allegations.

<u>**FACTUAL ALLEGATIONS**</u>

**I.      The J&J Investment Scheme**

26.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the allegations.

27.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the allegations.

28.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the allegations.

29.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the allegations.

30.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the allegations.

31.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the allegations.

32.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies the allegations.

33.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the allegations.

34.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the allegations.

35.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies the allegations.

36.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the allegations.

37.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies the allegations.

38.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies the allegations.

**II.     Wells Fargo Knew About and Assisted Beasley's Looting of the Receivership Entities**

39.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves. To the extent the allegations of Paragraph 39 contradict or mischaracterize the documents, they are denied.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 39 are denied.

40.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  Wells Fargo admits that it administers monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves. To the extent the allegations of Paragraph 40 contradict or mischaracterize the documents, they are denied.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 40 are denied.

41.     The allegations in Paragraph 41 are denied.

42.     The allegations in Paragraph 42 are denied.

**A.      Beasley and Other Promoters Were Transparent with Wells Fargo About the Nature of the J&J Investment and Their Roles in Managing Funds**

43.     The allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies the allegations.  The remaining allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 are denied.

46.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies the allegations.

47.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies the allegations.

48.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies the allegations.

49.     The allegations in Paragraph 49 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies the allegations.  The remaining allegations in Paragraph 49 are denied.

50.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies the allegations.

51.     The allegations in Paragraph 51 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies the allegations.  The remaining allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies the allegations.  The remaining allegations in Paragraph 52 are denied.

53.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies the allegations.

54.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies the allegations.

55.     The allegations in Paragraph 55 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies the allegations.  The remaining allegations in Paragraph 55 are denied.

56.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies the allegations.

57.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and therefore denies the allegations.

58.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies the allegations.

**B.      Wells Fargo is Required to Know its Customers and the Nature of Their Business and Transactions**

59.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies the allegations.

60.     Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 60 purports to summarize, quote, or make conclusions based upon 31 C.F.R. § 1020.220, these are documents

in writing and is the best evidence of what is contained therein.  To the extent the allegations of Paragraph 60 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 60 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 60 are denied.

61.     Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 61 purports to summarize, quote, or make conclusions based upon 31 C.F.R. § 1020.210, these are documents in writing and is the best evidence of what is contained therein.  To the extent the allegations of Paragraph 61 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 61 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 61 are denied.

62.     The allegations in Paragraph 62 are conclusions of law to which no response is required.  To the extent a response is required, Wells Fargo admits that it has certain Anti-Money Laundering obligations as set forth in 12 C.F.R. § 21.21, and Wells Fargo complies with those obligations. To the extent the remaining allegations in Paragraph 62 conflict with those regulations, they are denied.

63.     Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 63 purports to summarize, quote, or make conclusions based upon its policies and procedures, these are documents in writing and is the best evidence of what is contained therein.  To the extent the allegations of Paragraph 63 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 63 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 63 are denied.

64. Wells Fargo admits that it has bank employees responsible for coordinating and monitoring Anti-Money Laundering compliance. To the extent a further response is required, the allegations are denied. The remaining allegations in Paragraph 64 are denied.

65. To the extent Paragraph 65 purports to summarize, quote, or make conclusions based upon the cited guidance from the Federal Financial Institutions Examination Council ("FFIEC"), these are documents in writing and is the best evidence of what is contained therein. To the extent the allegations of Paragraph 65 contradict or mischaracterize the documents, they are denied. The allegations in Paragraph 65 are further conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 65 are denied.

66. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. Wells Fargo admits that it did not exit the relationship with the Beasley IOLTA prior to March 2022. To the extent a further response is required, the allegations are denied. The remaining allegations in Paragraph 66 are denied.

**C.     Wells Fargo Maintains Sophisticated Internal Controls and Programs to Detect Fraud**

67. Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves. To the extent Paragraph 67 purports to summarize, quote, or make conclusions based upon the cited guidance from the FFIEC, these are documents in writing and is the best evidence of what is contained therein. To the extent the allegations of Paragraph 67 contradict or mischaracterize the documents, they are denied. The allegations in Paragraph 67 are further conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 67 are denied.

68. Wells Fargo admits that it collects information and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which

are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 68 are denied.

69.     The allegations in Paragraph 69 are conclusions of law to which no response is required.  To the extent a response is required, Wells Fargo admits that it has certain obligations to know its customers as set forth in 31 C.F.R. § 1020.220, and Wells Fargo complies with those obligations. To the extent the remaining allegations in Paragraph 69 conflict with those regulations, they are denied.

70.     Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 70 are denied.

71.     Wells Fargo admits that it administers and monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 71 are denied.

72.     Wells Fargo admits that it monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied. The allegations in Paragraph 72 are denied.

73.     Wells Fargo admits only that it is subject to state, federal, and regulatory authorities and had made payment of monetary fines pursuant to action by such authorities—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 73 are denied.

74.     Wells Fargo admits that it monitors accounts in accordance with state and federal laws and regulations and its own policies and procedures—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 74 are denied.

75.     Wells Fargo admits that it entered a Consent Order with the Office of the Comptroller of the Currency (the "OCC") in 2015 (the "OCC Consent Order")—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 75 purports to summarize, quote, or make conclusions based upon the OCC Consent Order, this is a document in writing and is the best evidence of what is contained therein.  To the extent the allegations of Paragraph 75 contradict or mischaracterize the document, they are denied.  The allegations in Paragraph 75 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 75 are denied.

76.     Wells Fargo admits that it entered into the OCC Consent Order in 2015—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 76 purports to summarize, quote, or make conclusions based upon the OCC Consent Order, this is a document in writing and is the best evidence of what is contained therein.  To the extent the allegations of Paragraph 76 contradict or mischaracterize the document, they are denied.  The allegations in Paragraph 76 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 76 are denied.

77.     The allegations in Paragraph 77 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo denies the remaining allegations in Paragraph 77.

78.     Wells Fargo admits that it entered into the OCC Consent Order that was later terminated—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 78 purports to summarize, quote, or make conclusions based upon the OCC Consent Order or its termination, these are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 78 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 78 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 78 are denied.

79.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies the allegations.

80.     Wells Fargo admits that it utilizes software to monitor transactions in demand deposit accounts and provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore denies the allegations.  The remaining allegations in Paragraph 80 are denied.

81.     Wells Fargo admits that it provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities—the details of which are reflected in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 81 are denied.

82.     Wells Fargo admits that it provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities—the details of which are reflected in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 82 are denied.

83.     The allegations in Paragraph 83 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 83 are denied.

84.     Wells Fargo admits that it provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities—the details of which are reflected in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 84 are denied.

85.     Wells Fargo admits that it provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities—the details of which are reflected in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 85 are denied.

86.     Wells Fargo admits that it provides training to its employees on a case-by-case basis as needed to carry out their job responsibilities—the details of which are reflected in documents in

writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 86 are denied.

87.    The allegations in Paragraph 87 are denied.

88.    The allegations in Paragraph 88 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

89.    Wells Fargo admits that it utilizes software to monitor transactions in demand deposit accounts, and at one time used Actimize in this capacity.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 89 and therefore denies the allegations.  The remaining allegations in Paragraph 89 are denied.

90.    Wells Fargo admits that it utilizes software to monitor transactions in demand deposit accounts, and at one time used Actimize in this capacity.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 90 and therefore denies the allegations.  The remaining allegations in Paragraph 90 are denied.

**D.    Wells Fargo Knows the Purpose and Risks Associated with IOLTAs**

91.    Wells Fargo admits that it offers IOLTA accounts and that Matthew Beasley held an IOLTA at Wells Fargo.  The allegations in the first and last sentences of Paragraph 91 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 91 are denied.

92.    To the extent Paragraph 92 purports to summarize, quote, or make conclusions based upon the cited statute, law, regulation, or rule, these are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 92 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 92 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 92 are denied.

93.    To the extent Paragraph 93 purports to summarize, quote, or make conclusions about the State Bar of Nevada's Trust Accounting, that document is in writing and is the best evidence of

what is contained therein.   To the extent the allegations of Paragraph 93 contradict or mischaracterize the documents, they are denied.   The allegations in Paragraph 93 are further conclusions of law to which no response is required.   To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 93 are denied.

94.     To the extent Paragraph 94 purports to summarize, quote, or make conclusions about the State Bar of Nevada's Trust Accounting, that document is in writing and is the best evidence of what is contained therein.   To the extent the allegations of Paragraph 94 contradict or mischaracterize the documents, they are denied.   The allegations in Paragraph 94 are further conclusions of law to which no response is required.   To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 94 are denied.

95.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies the allegations.

96.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies the allegations.

97.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies the allegations.

98.     The allegations in Paragraph 98 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and therefore denies the allegations.  The remaining allegations in Paragraph 98 are denied.

**E.     Wells Fargo Conducted Due Diligence into Beasley and Knew the Account Activity It Could Expect in the 5598 IOLTA**

99.     Wells Fargo admits that it conducts due diligence on customer accounts in accordance with state and federal laws and its policies and procedures—the details of which are reflected in documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 99 are denied.

100.     Wells Fargo admits that Matthew Beasley opened an IOLTA at Wells Fargo—the

details of which are contained in documents in writing that speak for themselves.  Wells Fargo admits that customers are required to open an IOLTA in person at a branch.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 100 are denied.

101.    Wells Fargo admits that Matthew Beasley opened an IOLTA at Wells Fargo—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 101 are denied.

102.    Wells Fargo admits that Matthew Beasley opened an IOLTA at Wells Fargo—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 102 are denied.

103.    Wells Fargo admits that Matthew Beasley opened an IOLTA at Wells Fargo—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 103 are denied.

104.    Wells Fargo admits that Matthew Beasley opened an IOLTA at Wells Fargo—the details of which are contained in documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 104 are denied.

105.    Wells Fargo admits that Matthew Beasley maintained two business checking accounts at Wells Fargo—the details of which are contained in documents in writing that speak for themselves.  To the extent Paragraph 105 purports to summarize, quote, or make conclusions based upon the cited guidance from the FFIEC, these are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 105 contradict or mischaracterize the documents, they are denied.  The remaining allegations in Paragraph 105 are denied.

106.    Wells Fargo admits only that it is familiar with IOLTA accounts.  The allegations in

Paragraph 106 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 106 are denied.

**F.  Beasley Used the 5598 IOLTA to Perpetrate a Ponzi Scheme with the Receivership Entities' Funds, Thereby Triggering Suspicious Activity Systems and Notifying Wells Fargo of the Misappropriation**

107.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies the allegations.

108.    The allegations in Paragraph 108 are denied.

109.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies the allegations.

110.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies the allegations.

111.    Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 regarding what individual employees or former employees thought, said, or did and therefore denies the allegations.  The remaining allegations in Paragraph 111 are denied.

112.    The allegations in Paragraph 112 are denied.

**1.  Beasley's Law Practice and Instead Suggested Operation of an Investment Company**

113.    The allegations in Paragraph 113 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 and therefore denies the allegations.  The remaining allegations in Paragraph 113 are denied.

114.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies the allegations.

115.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies the allegations.

116.    The allegations in Paragraph 116 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 and therefore denies the allegations.  The remaining allegations in Paragraph 116 are denied.

117.    The allegations in Paragraph 117 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 and therefore denies the allegations.  The remaining allegations in Paragraph 117 are denied.

118.    The allegations in Paragraph 118 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 and therefore denies the allegations.  The remaining allegations in Paragraph 118 are denied.

119.    The allegations in Paragraph 119 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and therefore denies the allegations.  The remaining allegations in Paragraph 119 are denied.

120.    The allegations in Paragraph 120 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 and therefore denies the allegations.  The remaining allegations in Paragraph 120 are denied.

121.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies the allegations.

122.    The allegations in Paragraph 122 purport to construe documents in writing that speak

for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies the allegations.  The remaining allegations in Paragraph 122 are denied.

123.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies the allegations.

124.     The allegations in Paragraph 124 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 and therefore denies the allegations.  The remaining allegations in Paragraph 124 are denied.

125.     The allegations in Paragraph 125 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and therefore denies the allegations.  The remaining allegations in Paragraph 125 are denied.

126.     The allegations in Paragraph 126 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 and therefore denies the allegations.  The remaining allegations in Paragraph 126 are denied.

127.     The allegations in Paragraph 127 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 and therefore denies the allegations.  The remaining allegations in Paragraph 127 are denied.

128.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies the allegations.

129.     The allegations in Paragraph 129 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and therefore denies the allegations.  The remaining allegations in Paragraph 129 are denied.

130.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  To the extent Paragraph 130 purports to summarize, quote, or make conclusions based upon the cited guidance from the FFIEC and Wells Fargo policies and procedures, these are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 130 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 130 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 130 are denied.

131.     The allegations in Paragraph 131 are denied.

**2.     The 5598 IOLTA Showed No Real Investment by Beasley for the Receivership Entities**

132.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies the allegations.

133.     The allegations in Paragraph 133 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and therefore denies the allegations.  The remaining allegations in Paragraph 133 are denied.

134.     The allegations in Paragraph 134 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 and therefore denies the allegations.  The remaining allegations in Paragraph 134 are denied.

135.     The allegations in Paragraph 135 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies the allegations.  The remaining allegations in Paragraph 135 are denied.

136.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies the allegations.

### 3.     The Nature and Frequency of the Transfers in and out of the 5598 IOLTA Triggered Red Flags

137.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. Wells Fargo denies the allegations in Paragraph 137.

138.     Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. Wells Fargo admits that it uses electronic monitoring systems and has personnel who identify suspicious patterns. Wells Fargo denies the remaining allegations in Paragraph 138.

139.     The allegations in Paragraph 139 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 and therefore denies the allegations.  The remaining allegations in Paragraph 139 are denied.

140.     The allegations in Paragraph 140 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 and therefore denies the allegations.  The remaining allegations in Paragraph 140 are denied.

141.     The allegations in Paragraph 141 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and therefore denies the allegations.  The remaining allegations in Paragraph 141 are denied.

142.    The allegations in Paragraph 142 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and therefore denies the allegations.  The remaining allegations in Paragraph 142 are denied.

143.    Wells Fargo admits that certain "promoters" held accounts at Wells Fargo.  The remaining allegations in Paragraph 143 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 and therefore denies the allegations.  The remaining allegations in Paragraph 143 are denied.

144.    Wells Fargo admits that it provides training and requires its employees to comply with banking regulations including AML guidelines.  To the extent a further response is required, the allegations are denied.  The remaining allegations in Paragraph 144 are denied.

145.    Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  To the extent Paragraph 145 purports to summarize, quote, or make conclusions based upon the cited guidance from the FFIEC and Wells Fargo policies and procedures, these are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 145 contradict or mischaracterize the documents, they are denied.  The allegations in Paragraph 145 are further conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The remaining allegations in Paragraph 145 are denied.

**4.      The 5598 IOLTA was Used for Facially Impermissible Purposes**

146.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies the allegations.

147.    Wells Fargo admits that Beasley withdrew funds from his IOLTA account.   The allegations remaining in Paragraph 147 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.

148.    Wells Fargo admits that Beasley withdrew funds from his IOLTA account.   The allegations remaining in Paragraph 148 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.

149.    Wells Fargo admits that Beasley withdrew funds from his IOLTA account.   The allegations remaining in Paragraph 149 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.

150.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies the allegations.

151.    The allegations in Paragraph 151 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and therefore denies the allegations.   The remaining allegations in Paragraph 151 are denied.

152.    The allegations in Paragraph 152 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and therefore denies the allegations.   The remaining allegations in Paragraph 152 are denied.

153.    The allegations in Paragraph 153 purport to construe documents in writing that speak for themselves.   To the extent a further response is required, the allegations are denied.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153 and therefore denies the allegations.   The remaining allegations in Paragraph 153 are denied.

154.    To the extent Paragraph 154 purports to summarize, quote, or make conclusions about the State Bar of Nevada's Trust Accounting, that document is in writing and is the best

evidence of what is contained therein. To the extent the allegations of Paragraph 154 contradict or mischaracterize the documents, they are denied. The allegations in Paragraph 154 are further conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. To the extent the allegations in Paragraph 154 purport to summarize Wells Fargo's knowledge of the cited material, the allegations are denied. The remaining allegations in Paragraph 154 are denied.

155. The allegations in Paragraph 155 purport to construe documents in writing that speak for themselves. To the extent a further response is required, the allegations are denied. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and therefore denies the allegations. The remaining allegations in Paragraph 155 are denied.

156. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. To the extent Paragraph 156 purports to summarize, quote, or make conclusions based upon the cited guidance from the FFIEC and Wells Fargo policies and procedures, these are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph 156 contradict or mischaracterize the documents, they are denied. The allegations in Paragraph 156 are further conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 156 are denied.

### III. Beasley's Looting Continued Uninterrupted Until the Government Intervened

157. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore denies the allegations.

158. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies the allegations.

159. Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies the allegations.

160. Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. The allegations in Paragraph 160

purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo denies the remaining allegations in Paragraph 160.

161.    Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley. The allegations in Paragraph 161 purport to construe documents in writing that speak for themselves.  To the extent a further response is required, the allegations are denied.  Wells Fargo denies the remaining allegations in Paragraph 161.

162.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies the allegations.

163.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies the allegations.

164.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies the allegations.

165.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies the allegations.

166.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies the allegations.

167.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies the allegations.

168.    Wells Fargo admits that the SEC filed the SEC Complaint in the SEC Action and that a receiver was appointed.  The remainder of the allegations of Paragraph 168 purport to summarize the SEC Complaint and supporting evidence filed in that action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 168 contradict or mischaracterize these documents, they are denied.

169.    The allegations in Paragraph 169 purport to summarize the SEC Complaint and supporting evidence filed in that action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 169 contradict or

mischaracterize these documents, they are denied.

170.    The allegations in Paragraph 170 purport to summarize the SEC Complaint and other documents filed in that action, each of which are documents in writing and are the best evidence of what is contained therein. To the extent the allegations of Paragraph 170 contradict or mischaracterize these documents, they are denied.

171.    The allegations in Paragraph 171 purport to summarize documents filed in the SEC Action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 171 contradict or mischaracterize these documents, they are denied.

172.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies the allegations.

173.    The allegations in Paragraph 173 purport to summarize documents filed in the SEC Action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 173 contradict or mischaracterize these documents, they are denied.

174.    The allegations in Paragraph 174 purport to summarize documents filed in the Criminal Action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 174 contradict or mischaracterize these documents, they are denied.

175.    The allegations in Paragraph 175 purport to summarize documents filed in the Criminal Action, each of which are documents in writing and are the best evidence of what is contained therein.  To the extent the allegations of Paragraph 175 contradict or mischaracterize these documents, they are denied.

176.    Wells Fargo admits in Paragraph 176 that the SEC filed the complaint in the SEC Action, Matthew Beasley was indicted in the Criminal Action, and both the SEC Action and the Criminal Action remain pending in the District of Nevada.

177.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore denies the allegations.

178.    Wells Fargo denies it had actual knowledge of, or provided assistance to, any alleged wrongdoing by Beasley or anyone acting in consort with Beasley.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178 and therefore denies the allegations.

<u>**COUNT I – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**</u>

179.    The responses set forth in Paragraphs 1 through 178 of this Answer are incorporated herein by reference as if set forth in full.

180.    The allegations in Paragraph 180 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

181.    The allegations in Paragraph 181 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

182.    The allegations in Paragraph 182 are denied.

183.    The allegations in Paragraph 183 are denied.

184.    The allegations in Paragraph 184 are denied.

185.    The allegations in Paragraph 185 are denied.

186.    The allegations in Paragraph 186 are denied.

187.    The allegations in Paragraph 187 are denied.

188.    The allegations in Paragraph 188 are denied.

<u>**COUNT II – AIDING AND ABETTING FRAUD**</u>

189.    The responses set forth in Paragraphs 1 through 188 of this Answer are incorporated herein by reference as if set forth in full.

190.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies the allegations.

191.    The allegations in Paragraph 191 are denied.

192.    The allegations in Paragraph 192 are denied.

193.    The allegations in Paragraph 193 are denied.

194.    The allegations in Paragraph 194 are denied.

195.    The allegations in Paragraph 195 are denied.

196.     The allegations in Paragraph 196 are denied.

197.     The allegations in Paragraph 197 are denied.

### COUNT III – AIDING AND ABETTING CONVERSION

198.     The responses set forth in Paragraphs 1 through 197 of this Answer are incorporated herein by reference as if set forth in full.

199.     The allegations in Paragraph 199 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

200.     The allegations in Paragraph 200 are denied.

201.     The allegations in Paragraph 201 are denied.

202.     The allegations in Paragraph 202 are denied.

203.     The allegations in Paragraph 203 are denied.

204.     The allegations in Paragraph 204 are denied.

205.     The allegations in Paragraph 205 are denied.

206.     The allegations in Paragraph 206 are denied.

### COUNT IV – NEGLIGENCE

207.     The responses set forth in Paragraphs 1 through 206 of this Answer are incorporated herein by reference as if set forth in full.

208.     The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and therefore a response to this allegation is not required.

209.     The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and therefore a response to this allegation is not required.

210.     The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and therefore a response to this allegation is not required.

211.     The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and therefore a response to this allegation is not required.

212.     The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and therefore a response to this allegation is not required.

213.     The Receiver has agreed to voluntarily dismiss this cause of action, and therefore a

1  response to this allegation is not required.

2  214.    The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and

3  therefore a response to this allegation is not required.

4  215.    The Receiver has agreed to voluntarily dismiss this cause of action (Dkt. 25), and

5  therefore a response to this allegation is not required.

6  **COUNT V – VIOLATION OF THE NEVADA UNIFORM FIDUCIARIES ACT**

7  216.    The responses set forth in Paragraphs 1 through 215 of this Answer are incorporated

8  herein by reference as if set forth in full.

9  217.    The allegations in Paragraph 217 are conclusions of law to which no response is

10  required.  To the extent a response is required, the allegations are denied.

11  218.    The allegations in Paragraph 218 are conclusions of law to which no response is

12  required.  To the extent a response is required, the allegations are denied.

13  219.    The allegations in Paragraph 219 are conclusions of law to which no response is

14  required.  To the extent a response is required, the allegations are denied.

15  220.    The allegations in Paragraph 220 are conclusions of law to which no response is

16  required.  To the extent a response is required, the allegations are denied.

17  221.    The allegations in Paragraph 221 are denied.

18  222.    The allegations in Paragraph 222 are denied.

19  223.    The allegations in Paragraph 223 are denied.

20  224.    The allegations in Paragraph 224 are denied.

21  225.    The allegations in Paragraph 225 are denied.

22  **Wells Fargo denies each and every allegation not specifically admitted here.**

23  **REQUEST FOR RELIEF**

24  WHEREFORE, the Receiver requests entry of a judgment against Wells Fargo awarding the

25  following relief:

26  a.    An award of damages and all other available monetary relief, including pre-

27  judgment interest, on each claim and in an amount to be established at trial;

28  b.    An award of punitive damages in an amount to be established at trial;

c.      An award of reasonable attorneys' fees and costs; and

d.      Such other and further relief as this Court may deem just and proper.

**Wells Fargo denies any wrongdoing and that further denies the Receiver and the Receivership Entities' are entitled to the relief requested.**

**AFFIRMATIVE DEFENSES**

Wells Fargo hereby alleges the following separate and distinct defenses and affirmative defenses to the Complaint and the causes of action asserted against Wells Fargo therein, and without assuming the burden of proof on matters as to which they have no such burden:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.      The Complaint fails to state a claim against Wells Fargo upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.      The Receiver and the Receivership Entities' claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

3.      The Receiver and the Receivership Entities failed to take proper and reasonable steps to avoid, minimize, or mitigate their alleged damages and, to the extent of such failure, the damages allegedly incurred by them, if any, should be reduced accordingly or eliminated entirely.

**FOURTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

4.      The Receiver and the Receivership Entities' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

5.      The Receiver and the Receivership Entities' claims are barred, in whole or in part,

by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.     The Receiver and the Receivership Entities are estopped by the action of law or by conduct from maintaining the Complaint filed in this case.

## SEVENTH AFFIRMATIVE DEFENSE

### (Co-Liability)

7.     Wells Fargo alleges that any injury or damages which may have been sustained by the Receiver and the Receivership Entities were proximately caused by the acts, errors, or omissions of persons or entities other than Wells Fargo.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

8.     If the Receiver and the Receivership Entities suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of other third parties, and not by Wells Fargo.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

9.     Wells Fargo alleges any damage or loss the Receiver and the Receivership Entities did incur as a result of any act or conduct by Wells Fargo would be speculative at best and thus too uncertain for recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

10.     Wells Fargo met or exceeded the requirements of applicable laws, regulations, and standards.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct/Conformance with Applicable Standards)

11.     Wells Fargo at all times acted in good faith and in conformance with all applicable

government and industry standards, rules, and regulations, thus precluding any recovery by the Receiver and the Receivership Entities against Wells Fargo.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

12.     The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of the Wells Fargo.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

13.     Wells Fargo specifically denies acting with any willfulness, oppression, fraud, or malice toward the Receiver and the Receivership Entities or others.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

14.     The Receiver and the Receivership Entities' claims are barred because the Receiver and the Receivership Entities lack standing to bring them.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

15.     The Receiver and the Receivership Entities' claims are barred because the Receiver and the Receivership Entities consented to any alleged conduct in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

16.     The Receiver and the Receivership Entities, themselves and/or through their agent(s), acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in their litigation and assumed any and all risks associated therewith.  The Receiver and the Receivership Entities are therefore barred from obtaining the relief sought in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

17.     The Complaint, and each purported cause of action alleged therein, is barred by the

conduct, actions and inactions of the Receiver and the Receivership Entities, and/or the persons on whose behalf they purport to bring this action, under the doctrine of ratification.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

18.     Wells Fargo denies that it or any of its agents, principals, or representatives breached any duty or obligations allegedly owed to the Receiver and the Receivership Entities or the persons on whose behalf they purport to bring this action.

### NINETEENTH AFFIRMATIVE DEFENSE

(Recovery)

19.     The Receiver and the Receivership Entities' claims are barred, in whole or in part, because they have received returns or recoveries on their losses and therefore have not suffered damages or their damages have been reduced.

### TWENTIETH AFFIRMATIVE DEFENSE

(Other Defenses – Putative Class Members)

21.     Wells Fargo reserves the right to amend or supplement its affirmative defenses to include defenses that may be applicable to other members of the putative class.

### OTHER AFFIRMATIVE DEFENSES

22.     Wells Fargo has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Wells Fargo expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Wells Fargo prays for judgment as follows:

1.     That judgment be entered in favor of Wells Fargo;

2.     That the Receiver and the Receivership Entities take nothing by way of the Complaint and the claims asserted therein;

3.     That the Complaint, and the claims against Wells Fargo, be dismissed with prejudice;

4.   That Wells Fargo be awarded costs of suit, including attorneys' fees incurred in defense of this action; and

5.   That Wells Fargo be granted such other relief as the Court deems just and proper.

Dated: July 7, 2023                                    Respectfully submitted,

By:   */s/ Joseph G. Went*
      Joseph G. Went
      Nevada Bar No. 9220
      Sydney R. Gambee
      Nevada Bar No. 14201
      **HOLLAND & HART LLP**
      9555 Hillwood Drive, 2nd Floor
      Las Vegas, NV 89134
      Phone: 702.669.4600
      Fax: 702.669.4650
      jgwent@hollandhart.com
      srgambee@hollandhart.com

      K. Issac deVyver (*pro hac vice forthcoming*)
      Alicia A. Baiardo (*pro hac vice forthcoming*)
      Anthony Q. Le (*pro hac vice forthcoming*)
      **MCGUIREWOODS LLP**
      Two Embarcadero Center, Suite 1300
      San Francisco, CA 94111
      Phone: 415.844.9944
      Fax: 415.844.9922
      kdevyver@mcguirewoods.com
      abaiardo@mcguirewoods.com
      ale@mcguirewoods.com

      *Attorneys for Defendant*
      *Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of July, 2023, a true and correct copy of the foregoing Answer to Complaint was filed electronically through the CM/ECF system and served on the registered participants as identified on the Notice of Electronic Filing (NEF).

Jarrod L. Rickard, Esq.
Katie L. Cannata, Esq.
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
jlr@skrlawyers.com
klc@skrlawyers.com

Jeffrey C. Schneider, Esq. (*pro hac vice*)
Jason K. Kellogg, Esq. (*pro hac vice*)
Marcelo Diaz-Cortes, Esq. (*pro hac vice*)
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
100 SE 2nd Street
Miami Tower, 36th Floor
Miami, Florida 33131
jcs@lklsg.com
jk@lklsg.com
md@lklsg.com

*Attorneys for Plaintiff*

*/s/ Brenda Schroeder*

30090169_v1