# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEOFF WINKLER,<br><br>    Plaintiff(s),<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant(s). | Case No. 2:23-cv-00703-GMN-NJK<br><br>**Order**<br><br>[Docket No. 38] |

Pending before the Court is the parties' discovery plan seeking special scheduling review. Docket No. 38.

The presumptively reasonable discovery period is 180 days measured from the first appearance of a defendant. Local Rule 26-1(a). In this case, the parties seek a discovery period of 280 days. *See* Docket No. 38 at 6.[1] No meaningful explanation is provided as to why the lengthier discovery period is warranted. *But see* Local Rule 26-1(a) ("Plans requesting special scheduling review must include . . . a statement of the reasons why longer or different time periods should apply to the case").[2] The absence of such an explanation is particularly problematic since much of the discovery in this case will piggyback from the discovery obtained in the related class action. *See* Docket No. 22.

Moreover and relatedly, the parties have agreed to coordinate discovery in this action with discovery in the related class action. *See id.* The deadlines proposed in this case are significantly different than the deadlines existing in the class action, however. *Compare id.* at 5 (class action

---

[1] Although the local rules require it, the discovery plan does not identify the number of days for the discovery period sought. *See* Local Rule 26-1(b)(1).

[2] The discovery plan seeks this relief based on the unelaborated statement that extra time would accommodate the Receiver's process of completing a forensic accounting analysis. Docket No. 38 at 6. No details are provided on that subject.

deadlines) *with* Docket No. 38 at 6 (deadlines proposed for this case).  Most significantly, fact discovery is set to close in the class action on October 6, 2023, but the parties propose that discovery will remain ongoing in this case until April 12, 2024.  The discovery plan does not explain how discovery coordination is achieved when the cases have different schedules.[3]

        Accordingly, the parties' proposed discovery plan is **DENIED** without prejudice.  An amended discovery plan must be filed by August 2, 2023.

        IT IS SO ORDERED.

        Dated: July 28, 2023

                                                                             Nancy J. Koppe
                                                                             United States Magistrate Judge

---

[3] To the extent discovery obtained in this case could be used in the related class action, it would seem problematic for discovery to remain ongoing here after the close of discovery in the class action while the parties are briefing dispositive motions.