**SEMENZA KIRCHER RICKARD**
Jarrod L. Rickard, Bar No. 10203
jlr@skrlawyers.com
Katie L. Cannata, Bar No. 14848
klc@skrlawyers.com
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone:  (702) 835-6803
Facsimile:   (702) 920-8669

**LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP**
Jeffrey C. Schneider, Esq.
jcs@lklsg.com
Jason K. Kellogg, Esq.
jk@lklsg.com
Marcelo Diaz-Cortes, Esq.
md@lklsg.com
100 SE 2nd Street
Miami Tower, 36th Floor
Miami, Florida 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| *In re J&J Investment Litigation* | Case No.: 2:22-cv-00529-GMN-NJK |
| GEOFF WINKLER, as court-appointed receiver for J&J Consulting Services, Inc., an Alaska corporation; J&J Consulting Services, Inc., a Nevada corporation; and J and J Purchasing LLC, Florida limited liability company, | Case No.: 2:23-cv-00703-GMN-NJK **STIPULATION FOR STAY TO MEDIATE** **(THIRD REQUEST)** |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

1

Pursuant to Local Rule IA 6-1, all parties in the two above-captioned actions (the "Parties") hereby stipulate, subject to this Court's approval, to stay both actions in order to mediate without the cost of ongoing litigation. Given the current case schedule in the Class Action, the Parties have agreed to respectfully withdraw this stipulation if the Court has not approved the Parties' requested stay by August 15, 2023. In support of this stipulation, the Parties state as follows:

1.      WHEREAS, on June 27, 2023, the Court granted the Parties' stipulation to coordinate discovery between *In re J&J Investment Litigation*, No. 2:22-cv-00529-GMN-NJK (D. Nev.) (the "Class Action"), and *Winkler v. Wells Fargo N.A.*, No. 2:23-cv-00703 (D. Nev.) (the "Receiver Action"), and to extend certain deadlines in the Class Action to facilitate coordination;

2.      WHEREAS, since then, the Parties largely completed document productions in the Receiver Action and the Class Action and are taking coordinated depositions;

3.      WHEREAS, to date, the Parties have collectively produced more than 60,000 documents (comprising more than 360,000 pages), including bank records concerning more than thirty Wells Fargo accounts;

4.      WHEREAS, to date, the Parties have conducted 11 depositions and have scheduled or are in the process of scheduling an additional 12 depositions to be completed before the exchange of expert reports in the Class Action on September 7, 2023;

5.      WHEREAS, the Parties wish to stay continued discovery in order to participate in private mediation with the goal of reaching a complete settlement in both the Receiver Action and the Class Action;

6.      WHEREAS, the Parties anticipate that it will take several months to agree upon a mediator and schedule and complete the mediation;

7.      WHEREAS, absent a temporary stay, the Parties will incur substantial expense to complete discovery (both fact and expert discovery), present and defend their expert reports, and brief class certification;

8.      WHEREAS, all Parties agree that they are sufficiently familiar with the claims and defenses at issue to participate in good faith in mediation, and that the fact discovery to date provides

1  information sufficient to participate in good faith in mediation;

2     9.    WHEREAS, a stay will avoid ongoing, and significant litigation fees and costs related

3  to depositions and expert discovery;

4     10.    WHEREAS, a stay will have the additional benefit of allowing time for the Receiver

5  to complete the comprehensive forensic analysis which he is conducting under the supervision of

6  Judge Silva in *SEC v. Beasley*, No. 2:22-CV-0612 CDS-EJY (D. Nev.) (the "SEC Action"), which is

7  not expected to be completed until January 2024, *see* SEC Action, ECF No. 552;

8     11.    WHEREAS, Class Plaintiffs and the Receiver believe that allowing time for the

9  Receiver to continue his forensic work (which will have materially advanced by the time the parties

10  mediate) will facilitate their participation in mediation;

11     12.    WHEREAS, the Parties respectfully request that the Court stay this litigation through

12  January 15, 2024, to allow the Parties and the Court to conserve resources while the Parties focus on

13  preparing for and participating in mediation and the Receiver continues work on his forensic

14  analysis;

15     13.    WHEREAS, if the actions are not resolved through settlement, once the litigation

16  resumes, the stay will facilitate the completion of discovery on a coordinated basis, by eliminating

17  the primary cause of scheduling differences between the Parties arising from the differing dates on

18  which the actions were filed;

19     14.    WHEREAS, in light of currently impending deadlines, which include in the Class

20  Action the exchange of expert reports on September 7, 2023, and the close of fact discovery on

21  October 6, 2023, and with nearly a dozen depositions already scheduled for later this month, and

22  other discovery currently underway, the Parties have agreed to respectfully withdraw the request for

23  a stay if it is not approved by the Court by August 15, 2023, as the parties will then need to move

24  expeditiously to complete discovery by the current deadlines;

25     15.    WHEREAS, the Parties expressly reserve their rights, except as otherwise stipulated

26  herein; and

27     16.    WHEREAS, in light of the stay request, the Receiver and Wells Fargo request leave

28

until three days after the Court rules on this Stipulation, or August 18, 2023, if the Court does not decide the stay request by August 15, 2023, to submit an Amended Discovery Plan.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, between the Parties by and through their counsel, subject to the Court's approval, that the Class Action and the Receiver action are stayed through January 15, 2024, with the parties to participate in mediation no later than December 15, 2023. On or before January 15, 2024, the Parties shall file a status report that either apprises the Court of their agreement to resolve the cases, or which contains an amended discovery plan and schedule for coordinated proceedings in the Receiver Action and the Class Action.

### [PROPOSED] ORDER

IT IS SO ORDERED.

Dated: _____, 2023          _____

Honorable Nancy J. Koppe
United States Magistrate Judge

Dated: August 8, 2023

**SEMENZA KIRCHER RICKARD**

*/s/ Jarrod Rickard*
Jarrod L. Rickard, Bar No. 10203
Katie L. Cannata, Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

**LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP**
Jeffrey C. Schneider, P.A.
Florida Bar No. 933244
(admitted *pro hac vice*)
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
(admitted *pro hac vice*)
Marcelo Diaz-Cortes, Esq.
Florida Bar No. 118166
(admitted *pro hac vice*)
100 SE 2nd Street
Miami Tower, 36th Floor
Miami, Florida 33131
*Attorneys for Plaintiff*

Dated: August 8, 2023

**HOLLAND & HART LLP**

*/s/ K. Issac deVyver*
Joseph G. Went (NBN 9220)
Sydney R. Gambee (NBN 14201)
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
jgwent@hollandhart.com
srgambee@hollandhart.com

**MCGUIREWOODS**
K. Issac deVyver (*pro hac vice*)
Alicia A. Baiardo (*pro hac vice*)
Anthony Q. Le (*pro hac vice*)
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
KdeVyver@mcguirewoods.com
ABaiardo@mcguirewoods.com
ALe@mcguirewoods.com
*Attorneys for Defendant*