UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEOFF WINKLER,<br>    Plaintiff(s),<br>v.<br>WELLS FARGO BANK, N.A.,<br>    Defendant(s). | Case No. 2:23-cv-00703-GMN-NJK<br><br>**Order**<br><br>[Docket No. 94] |

Pending before the Court is nonparty Matthew Beasley's motion to quash or limit a deposition subpoena. Docket No. 94. Defendant Wells Fargo filed a response in opposition. Docket Nos. 98, 100. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED**.

**I.    BACKGROUND**

This case arises out of an alleged Ponzi scheme run by Matthew Beasley and Jeffrey Judd. Docket No. 1 at ¶¶ 1, 27. Beasley is a lawyer, *see id.* at ¶ 1, and is currently on pretrial detention in a related criminal case, *see United States v. Beasley*, No. 2:23-cr-00066-JAD-DJA (D. Nev.). Plaintiff brings various state law claims against Defendant Wells Fargo related to its handling of Beasley's IOLTA account. *See, e.g.*, Docket No. 1 at ¶¶ 179-225.

On July 9, 2024, the Court granted Wells Fargo's unopposed motion to depose Beasley while in custody. Docket No. 61. Wells Fargo initially sought to conduct that deposition on September 12, 2024, *see* Docket No. 98-1 at ¶ 2, but it was rescheduled for October 22, 2024, *see id.* On October 7, 2024, Beasley filed the instant motion to quash. Docket No. 94.

**II.    SEALED MATERIAL**

Wells Fargo filed a redacted brief on the public docket, Docket No. 98, along with an unredacted version under seal, Docket No. 100. Wells Fargo also filed an exhibit under seal. *See*

Docket No. 98-1 at 30 (placeholder for Exhibit D); *see also* Docket No. 100-1. The parties now stipulate that secrecy is not warranted for this information. *See* Docket No. 127 at 17. Accordingly, the unredacted versions will be unsealed.

### III. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Nonetheless, a non-party subject to a discovery subpoena may move the court in the place where compliance is required for an order quashing or modifying that subpoena. Fed. R. Civ. P. 45(d)(3). The movant seeking to quash the subpoena bears the burden of showing why that discovery should not be permitted. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966). "Even in the context of a nonparty deposition, a 'strong showing' is required before a party will be denied entirely the right to take that deposition." *V5 Techs. v. Switch, Ltd.*, 2019 WL 7489860, at *1 (D. Nev. Dec. 20, 2019).

### IV. ANALYSIS

In this case, Beasley raises a host of arguments and none of them is persuasive for the reasons articulated by Wells Fargo in response.

First, Beasley argues that service of the subpoena was ineffective because an attendance fee was not tendered. Docket No. 94 at 4. As noted by Wells Fargo, however, the fee need not be

tendered for persons who are incarcerated at the time they provide testimony. 28 U.S.C. § 1821(f).[1] Accordingly, the Court is not persuaded that a fee must be tendered for Beasley's deposition.

Second, Beasley argues that the subpoena should be quashed or limited because the questioning may veer into attorney-client privileged subjects. Docket No. 94 at 4-5; *see also id.* at 6 (arguing the deposition should be limited to questions about Beasley's declaration). As explained by Wells Fargo, however, the Receiver has largely waived any privilege held by the subject entities. *See, e.g.*, Docket No. 100-1 at 6. Moreover and significantly, disallowing a deposition is generally not warranted on this ground because privilege issues may be addressed on a question-by-question basis during the deposition. *See, e.g.*, *Cardinali v. PlusFour, Inc.*, 2018 WL 7502644, at *4 (D. Nev. Oct. 9, 2018).

Third, Beasley argues that the subpoena imposes an undue burden because he is involved with other lawsuits. Docket No. 94 at 5-6. As noted by Wells Fargo, however, conclusory assertions of burden do not suffice. *See, e.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016).

Fourth, Beasley argues that the subpoena raises confidentiality concerns. *See* Docket No. 94 at 6-7. As argued by Wells Fargo, however, such concerns are appropriately addressed vis-a-vis the existing stipulated protective order in this case. *See, e.g.*, *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols, Inc.*, 2018 WL 834589, at *2 n.2 (D. Nev. Feb. 12, 2018) (collecting cases).[2]

Fifth, Beasley argues that his deposition must take place in person. Docket No. 94 at 7-8. Particularly after the COVID-19 pandemic, remote depositions have become commonplace and

---

[1] The Court has been provided no argument as to whether a pretrial detainee is considered "incarcerated" for purposes of this statutory provision. Depending on the context, the term "incarceration" may encompass not only imprisonment following conviction, but also pretrial detention. *See United States v. Lillard*, 935 F.3d 827, 834 (9th Cir. 2019). To determine whether pretrial detention is within the scope of "incarceration" for a particular statute, the Court is required to look to the statute as a whole and address the purpose of the provision. *See id.* The purpose behind Section 1821(f) is that witness fees should not be paid to those persons who, by virtue of their incarceration, already have their expenses paid by the taxpayer. *Sublett v. Sheets*, 2017 WL 5492516, at *2 (W.D. Ky. Nov. 15, 2017). That rationale applies to pretrial detainees the same as it applies to persons imprisoned following conviction.

[2] Beasley asks that only parties and/or attorneys involved in these matters be permitted to attend the deposition. Docket No. 94 at 7. Wells Fargo responds that it is agreeable to that limitation, Docket No. 100 at 12, so the Court need not opine on that issue, *see* Fed. R. Civ. P. 29.

3

leave to take remote depositions is granted liberally. *See Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209-10 (D. Nev. 2020). The Court agrees with Wells Fargo that a remote deposition is warranted here.

## V.     CONCLUSION

For the reasons stated above, the Court **DENIES** Beasley's motion to quash or limit a deposition subpoena. Beasley's deposition must take place no later than February 21, 2025. The parties must confer with the federal detention officials regarding the procedures for the deposition. Counsel for Wells Fargo must promptly serve a copy of this order on both Beasley and his criminal attorneys.

Lastly, the Court **INSTRUCTS** the Clerk's Office to unseal Docket No. 100 and Docket No. 100-1.

IT IS SO ORDERED.

Dated: January 27, 2025

_____
Nancy J. Koppe
United States Magistrate Judge